B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>District of Delaware | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Thane International, Inc.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**52-2000275** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**2321 Rosecrans Avenue<br>El Segundo, CA 90245** | Street Address of Joint Debtor (No. and Street, City and State): |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| Type of Debtor<br>Form of Organization<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>*check this box and state type of entity below*) | ☐ Health Case Business<br>☐ Single Asset Real Estate as defined<br>11 USC § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☒ Chapter 15 Petition<br>☐ Chapter 9        for Recognition of a<br>☐ Chapter 11       Foreign Main<br>☐ Chapter 12       Proceeding<br>☐ Chapter 13    ☐ Chapter 15 Petition<br>                             for Recognition of a<br>                             Foreign Nonmain<br>                             Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts |
|---|---|---|
| Country of debtor's main interest:<br>CANADA<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending:<br>CANADA | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | (Check **one** box.)<br>☐ Debts are primarily          ☒ Debts are primarily<br>consumer debts, defined in       business debts.<br>11 U.S.C. §101(8) as<br>"incurred by an individual<br>primarily for a personal,<br>family, or household<br>purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee Attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is unable<br>to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach<br>signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliate) are less than $2,490,925 (amount subject to adjustment on<br>4/01/16 and every three years thereafter).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. §1126(B). |

| Statistical/Administrative Information | THIS SPACE FOR<br>COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | 500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | 500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (04/13)                                                                                                                                    Page 2

| VOLUNTARY PETITION<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Thane International, Inc.** |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:      **See Attachment for Pending Cases** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commissionpursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice require by 11 U.S.C. § 342(b).<br><br>Signature of Attorney for Debtor(s)    --      (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor – Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☒ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this district, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgement against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgement)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgement for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C § 362(l)).

B1 (Official Form 1) (04/13) | Page 3

| VOLUNTARY PETITION *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Thane International, Inc.** |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Respresentative |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in the petition is true and correct.

_____
*Signature of Debtor*

_____
*Signature of Joint Debtor*

_____
*Telephone Number*

_____
*Date*

**Signature of a Foreign Respresentative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☒ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1511 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_____
*(Signature of Foreign Representative)*

**Paul van Eyk**
*(Printed Name of Foreign Representative)*

**10/25/2015**
*Date*

**Signature of Attorney\***

_____
*Signature of Attorney for Debtor(s)*

**Mark L. Desgrosseilliers (DE Bar No. 4359)**
*Printed Name of Attorney for Debtor(s)*

**Womble Carlyle Sandridge & Rice LLP**
*Firm Name*

**222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
Email Address: mdesgrosseilliers@wcsr.com**
*Address*

**302-252-4320**
*Telephone Number*

**10/25/2015**
*Date*

\* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached.

_____
*Printed Name and title, if any, of Bankruptcy Petition Preparer*

Social-Security number (If the bankruptcy petition preparer is not an individual,state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

_____
*Address*

_____
*Signature of Preparer*

_____
*Date*

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petiton preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
*Signature of Authorized Individual*

_____
*Printed Name of Authorized Individual*

_____
*Title of Authorized Individual*

_____
*Date*

**Schedule 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On October 25, 2015, each of the entities listed below filed a petition in this Court for relief under chapter 15 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 15 case of Thane International, Inc.

Thane International, Inc.
Thane Direct, Inc.
Thane Direct Company
Thane Direct Marketing Inc.
West Coast Direct Marketing, Inc.
Thane Direct Canada Inc.
TDG, Inc.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE          JOUR DE

REGISTRAR    Bruna Gagliardi GREFFIER
Registrar

Court File No.: CV-15-11146-00CL



**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

THE HONOURABLE )      FRIDAY, THE 23rd DAY
)
JUSTICE PENNY )      OF OCTOBER , 2015

BETWEEN:

**BANK OF MONTREAL**

Applicant

- and -

**THANE INTERNATIONAL, INC., THANE DIRECT, INC., THANE DIRECT COMPANY, THANE DIRECT MARKETING INC., WEST COAST DIRECT MARKETING, INC., THANE DIRECT CANADA INC. AND TDG, INC.**

Respondents

**APPLICATION UNDER section 243 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, and under section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43**

**APPOINTMENT ORDER**

THIS APPLICATION made by Bank of Montreal ("BMO" or the "**Applicant**") for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "CJA") appointing Richter Advisory Group Inc. as receiver (the "**Receiver**"), without security, to exercise the powers and duties specifically set out in this Order with respect to the assets, undertakings and properties of the Respondents (collectively, the "**Debtors**") held

2

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, CONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

for, or used in relation to, a business carried on by the Debtors on was heard this day at 330 20

University Avenue, Toronto, Ontario.

Bruna Gagliardi

Registrar

ON READING the Affidavit of Paul Findlay sworn October 16, 2015, and the Exhibits thereto, and the Report of Richter Advisory Group Inc. ("**Richter Report**") dated October 19, 2015 in its capacity as proposed Receiver (the "**Pre-Appointment Report**") and on hearing the submissions of counsel for the Applicant, counsel for the Receiver and counsel for New Thane Holdco, no one appearing for any other party although duly served as appears from the Affidavit of Service of Haddon Murray and on reading the Consent of Richter Advisory Group Inc. to act as the Receiver,

## SERVICE

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application, the Application Record herein and the Pre-Appointment Report is hereby abridged, if necessary, and that this application is properly returnable today and that service, including the form, manner and time that such service was actually effected on all parties, is hereby validated, and where such service was not effected such service is hereby dispensed with.

## APPOINTMENT

2.      **THIS COURT ORDERS** that pursuant to section 243(1) of the BIA and section 101 of the CJA Richter is hereby appointed Receiver, without security, to exercise the powers and duties specifically set out in this Order with respect to the assets, undertakings and properties of the Debtors held for, and used in relation to, a business carried on by the Debtors (the "**Property**") and all proceeds thereof.

3.      **THIS COURT ORDERS** that subject to further Order of this Court, the Debtors shall remain in possession and control of the Property and the Receiver shall not be or be deemed to be in possession and control of the Property.

4.      **THIS COURT ORDERS** that subject to further Order of this Court, the Debtors shall carry on their business in the normal course and shall pay the expenses arising from their

3

business as they fall due and except to the extent that the Receiver exercises the powers granted pursuant to paragraph 5 hereof the Receiver shall not interfere with the carrying on of the business of the Debtors.

## RECEIVER'S POWERS

5.      **THIS COURT ORDERS** that the Receiver is hereby empowered and authorized, but not obligated to do any of the following where the Receiver considers it necessary or desirable:



(a)     to take possession of and exercise control over any and all proceeds or receipts arising out of or from the Property;

(b)     to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(c)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(d)     to sell, convey, transfer or assign the Property or any part or parts thereof out of the ordinary course of business with the approval of this Court and in such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, or section 31 of the Ontario *Mortgages Act*, as the case may be, shall not be required, and in each case the Ontario *Bulk Sales Act* shall not apply;

(e)     to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(f)     to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the

4

receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(g) to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(h) to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations.

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

## NO PROCEEDINGS AGAINST THE RECEIVER

6.    THIS COURT ORDERS that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY

7.    THIS COURT ORDERS that no Proceeding against or in respect of the Debtors or any one of them or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or any one of them or the Property are hereby stayed and suspended pending further Order of this Court.

## NO EXERCISE OF RIGHTS OR REMEDIES

8.    THIS COURT ORDERS that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided, however, that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Debtors from compliance with

5

statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH CONTRACTS

9.     THIS COURT ORDERS that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors or any one of them, without written consent of the Receiver or leave of this Court.

## CONTINUATION OF SERVICES

10.     THIS COURT ORDERS that all Persons having oral or written agreements with the Debtors or any one of them, or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors or any one of them, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Debtors or any one of them, and that the Debtors shall be entitled to the continued use of their current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Debtors in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Debtors, or as may be ordered by this Court.

## EMPLOYEES

11.     THIS COURT ORDERS that all employees of the Debtors shall remain the employees of the Debtors until such time as the Debtors may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA.

THIS IS TO CERTIFY THAT THIS DOCUMENT EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÉTUE DU SCEAG DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE            JOUR DE


Bruna Gagliardi
Registrar                    GREFFIER

6

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHAQUE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

DATE AT TORONTO THIS 23 DAY OF October 20 0
FAIT À TORONTO LE        JOUR DE

Bruna Gagliardi
Registrar

## LIMITATION ON ENVIRONMENTAL LIABILITIES

12.     THIS COURT ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the Ontario *Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

## LIMITATION ON THE RECEIVER'S LIABILITY

13.     THIS COURT ORDERS that the Receiver shall incur no liability or obligation as a result of its appointment, the carrying out of the provisions of this Order, or arising from the business carried on by the Debtors, including liabilities or obligations in respect of taxes, withholdings, interest, penalties or other like claims, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

## RECEIVER'S ACCOUNTS

14.     THIS COURT ORDERS that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges unless otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "**Receiver's Charge**") on the Property, as security for such fees and disbursements, both before and after the making of

7

this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subject to sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

15.    THIS COURT ORDERS that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

SERVICE AND NOTICE

16.    THIS COURT ORDERS that the E-Service Protocol of the Commercial List (the "Protocol") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website      at      http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL http://www.richter.ca/en/folder/insolvency-cases/t/thane-direct-company-et-al.

17.    THIS COURT ORDERS that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Debtor's creditors or other interested parties at their respective addresses as last shown on the records of the Debtors and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE.

LA PRÉSENT ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT A TORONTO LE      JOUR DE

Bruna Gagliardi
Registrar

8

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉS DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE          JOUR DE

Bruna Gagliardi
Registrar

## BANKRUPTCY OF THE DEBTORS

18.     THIS COURT ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

19.     THIS COURT ORDERS that the Receiver is hereby authorized and empowered but not obligated to make assignments in bankruptcy and act as trustee in bankruptcy (in such capacity the "Trustee") in respect of those Debtors that reside, carry on business or have property in Canada. In respect of any of the Debtors that do not reside, carry on business or have property in Canada, the Receiver is authorized and empowered but not obligated to take like steps under the laws of the United States, to the extent permitted by applicable law.

## GENERAL

20.     THIS COURT ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

21.     THIS COURT ORDERS that the Receiver is hereby appointed as the authorized foreign representative of the Debtors for the purposes of taking proceedings pursuant to Chapter 15 of the United States Bankruptcy Code in respect of the Debtors and is authorized to take such proceedings.

22.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

23.     THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within

9

proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

24.    THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 2 3 2015

THIS IS TO CERTIFY THAT THIS          LA PRÉSENT ATTEST QUE CE
EST TRUEST, EACH PAGE OF             DOCUMENT, DONT CHACUNE
WHICH IS STAMPED WITH THE            DES PAGES EST REVÊTUE DU
SEAL OF THE SUPERIOR COURT           SCEAU DE LA COUR SUPÉRIEURE
OF JUSTICE AT TORONTO, IS A          DE JUSTICE À TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT            COPIE CONFORME DU DOCUMENT
OR FILE IN THIS OFFICE               CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE                JOUR DE

**Bruna Gagliardi** GREFFIER
**Registrar**

Court File No.: CV-15-11146-00CL

BANK OF MONTREAL

Applicant

- and -

THANE INTERNATIONAL, INC., THANE DIRECT, INC., THANE DIRECT COMPANY, THANE DIRECT MARKETING INC., WEST COAST DIRECT MARKETING, INC., THANE DIRECT CANADA INC. AND TDG, INC.

Respondents

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

(PROCEEDING COMMENCED AT TORONTO)

APPOINTMENT ORDER

Gowling Lafleur Henderson LLP
Barristers and Solicitors
1 First Canadian Place
100 King Street West, Suite 1600
Toronto, Ontario  M5X 1G5

Clifton P. Prophet (LSUC No.: 34845K)
Telephone: (416) 862-3509
Facsimile:  (416) 862-7661

Solicitors for Bank of Montreal