# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>Thane International, Inc.<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12186<br><br>(Joint Administration Requested) |
| In re:<br><br>Thane Direct, Inc.,<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12187<br><br>(Joint Administration Requested) |
| In re:<br><br>TDG, Inc.<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12188<br><br>(Joint Administration Requested) |
| In re:<br><br>West Coast Direct Marketing, Inc.,<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12189<br><br>(Joint Administration Requested) |
| In re:<br><br>Thane Direct Company<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12190<br><br>(Joint Administration Requested) |
| In re:<br><br>Thane Direct Canada Inc.,<br><br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 15<br><br>Case No. 15-12191<br><br>(Joint Administration Requested) |

| | |
|---|---|
| In re:<br><br>Thane Direct Marketing, Inc.,<br><br>Debtor. | )  Chapter 15<br>)<br>)  Case No. 15-12192<br>)<br>)  (Joint Administration Requested)<br>)<br>) |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 15 CASES FOR PROCEDURAL PURPOSES ONLY**

Richter Advisory Group Inc. (the "Receiver") is the court-appointed receiver and duly authorized foreign representative for Thane International, Inc., Thane Direct, Inc., Thane Direct Company, West Coast Direct Marketing, Inc., TDG, Inc., Thane Direct Canada Inc. and Thane Direct Marketing, Inc. (collectively, the "Thane Debtors" or the "Thane Group") in Canadian insolvency proceedings pending in Toronto, Ontario, Canada (the "Canadian Proceeding").[1] The Receiver, by and through its undersigned counsel, files this motion (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as <u>Exhibit A</u>, directing joint administration of the related chapter 15 cases of the Thane Debtors. In support of the Motion, the Debtors rely on the Declaration of Pritesh Patel in Support of Petition for Recognition (the "Patel Declaration") filed herewith. In further support of the Motion, the Receiver respectfully represents as follows:

---

[1] The Canadian Proceeding includes proceedings under both Canadian federal and provincial law. Richter Advisory Group Inc. was appointed as receiver pursuant to Section 243(1) of the Bankruptcy and Insolvency Act (Canada) (the *"BIA"*) and as receiver pursuant to Section 101 of the Ontario's Courts of Justice Act.

2

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these Chapter 15 bankruptcy cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. §§ 1410(1) and (3).

4. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code. Relief is also warranted pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

**PROCEDURAL AND FACTUAL BACKGROUND**

5. On the date hereof (the "Petition Date"), each of the Thane Debtors filed their respective voluntary petitions for relief under Chapter 15 of the Bankruptcy Code and a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (the "Petition for Recognition") pursuant to section 1515 of the Bankruptcy Code seeking (i) entry of an Order recognizing the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and (ii) relief under sections 1520 and 1521 of the Bankruptcy Code.

6. The detailed factual background relating to the Debtors, the Receiver and the commencement of the Petition for Recognition is set forth in the Patel

Declaration.

**RELIEF REQUESTED**

7.  By this Motion, the Receiver seeks entry of an order directing joint administration of these chapter 15 cases for procedural purposes only. Specifically, the Receiver requests that the Court maintain one file and one docket for all of these chapter 15 cases under the case of "Thane International, Inc.," Docket No. "15-12186" and that these chapter 15 cases be administered under the caption as follows:

**In the United States Bankruptcy Court
for the District of Delaware**

| | | |
|---|---|---|
| *In re* | ) | Chapter 15 |
| | ) | |
| THANE INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 15-12186 (___) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |

---

[1] The last four digits of the Employer Identification Number for each debtor follow in parentheses: Thane International, Inc. (0275), Thane Direct, Inc. (2330), Thane Direct Company (N/A), West Coast Direct Marketing, Inc. (6456), TDG, Inc. (4037), Thane Direct Canada Inc. (8064) and Thane Direct Marketing, Inc. (N/A).

8.  The Receiver further requests that the Court order that the foregoing caption shall satisfy the requirements set forth in the Bankruptcy Code and the Bankruptcy Rules, including but not limited to sections 342(a) and (c)(1) of the Bankruptcy Code.

9.  The Receiver also requests that an entry be made on the docket of the remaining Thane Debtors to reflect the joint administration of these chapter 15 cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of this chapter 15 case with the chapter 15 case of Thane International, Inc. Docket No. 15-12186. All further pleadings and other papers filed in this case shall be filed in, and all further docket entries shall be made in, the docket of Thane International, Inc., Case No. 15-12186.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 15 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Bankruptcy Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Bankruptcy Rule is for procedural purposes only and shall

not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13. Joint administration is generally non-controversial, and courts in this District routinely order joint administration in multiple related cases. See, e.g., In re Newsat Limited, Case No. 15-10810 (KJC) (Bankr. D. Del. Apr. 16, 2015); In re LCI Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012); In re Monitor Co. Group Ltd. P'ship, Case No. 12-13042 (CSS) (Bankr. D. Del. Nov. 9, 2012); In re Southfield Office Bldg. 14, LP, Case No. 12-12415 (BLS) (Bankr. D. Del. Oct. 3, 2012); In re Pemco World Air Servs., Inc., Case No. 12-10799 (MFW) (Bankr. D. Del. March 6, 2012).

14. The seven Thane Debtor entities in these chapter 15 cases are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Given the integrated nature of the Thane Debtors' operations, joint administration of these chapter 15 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 15 cases will affect each of the Thane Debtors. The entry of an order directing joint administration of these chapter 15 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 15 cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Thane Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Chapter 15 bankruptcy cases. Parties in interest will not

be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 15 cases. Accordingly, the Receiver submits that the joint administration of these chapter 15 cases is in the best interests of the Thane Debtors, their creditors, and all other parties in interest.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Receiver respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: October 25, 2015
Wilmington, Delaware

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Morgan L. Patterson (Del. Bar No. 5388)
Nicholas T. Verna (Del. Bar No. 6082)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4337
Facsimile: (302) 661-7738
E-mail: mdesgrosseilliers@wcsr.com
E-mail: mpatterson@wcsr.com
E-mail: nverna@wcsr.com

Attorneys for Richter Advisory Group Inc.

# **EXHIBIT A**

**Proposed Order**