## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) | Chapter 15 |
| | ) | |
| THANE INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 15-12186 (___) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION FOR ENTRY OF AN ORDER UNDER SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 AUTHORIZING FILING UNDER SEAL OF CERTAIN APPENDICES TO THE RECEIVER'S REPORT**

Richter Advisory Group Inc. (the "Receiver"), the court-appointed receiver and duly authorized foreign representative for Thane International, Inc., Thane Direct, Inc., Thane Direct Company, West Coast Direct Marketing, Inc., TDG, Inc., Thane Direct Canada Inc., and Thane Direct Marketing, Inc. (collectively, the "Thane Debtors" or the "Thane Group") in Canadian insolvency proceedings pending in Toronto, Ontario, Canada (the "Canadian Proceeding"),[2] by and through its undersigned counsel, files this motion (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1]  The last four digits of the Employer Identification Number for each debtor follow in parentheses: Thane International, Inc. (0275), Thane Direct, Inc. (2330), Thane Direct Company (N/A), West Coast Direct Marketing, Inc. (6456), TDG, Inc. (4037), Thane Direct Canada Inc. (8064), and Thane Direct Marketing, Inc. (N/A).

[2]  The Canadian Proceeding includes proceedings under both Canadian federal and provincial law. Richter Advisory Group Inc. was appointed as receiver pursuant to Section 243(1) of the *Bankruptcy and Insolvency Act* (Canada) (the *"BIA"*) and as receiver pursuant to Section 101 of the Ontario's *Courts of Justice Act*.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Receiver to file under seal certain Appendices to the Report of the Proposed Receiver dated October 19, 2015 (the "Report"), which appendices in turn are attached to the Declaration of Pritesh Patel in Support of Petition for Recognition (the "Patel Declaration"), filed contemporaneously herewith. In support of this Motion, the Receiver respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3).

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Receiver filed voluntary petitions on behalf of each of the Thane Debtors under Chapter 15 of the Bankruptcy Code and a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (the "Petition for Recognition") pursuant to section 1515 of the Bankruptcy Code seeking (i) entry of an Order recognizing the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and (ii) relief under sections 1520 and 1521 of the Bankruptcy Code.

5. The detailed factual background relating to the Thane Debtors, the Receiver, and the commencement of these Chapter 15 bankruptcy cases is set forth in the Patel Declaration.

6. In connection with the Petition for Recognition, the Receiver filed the

Report.  The Report, in turn, contains two (2) confidential appendices (the "Confidential Appendices").

**RELIEF REQUESTED**

7. By this Motion, the Receiver seeks entry of an order, pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Receiver to file the Confidential Appendices under seal.

8. The Confidential Appendices contain commercial information, including sensitive financial information, which information the court in the Canadian Proceeding has already ordered filed under seal.  Specifically, Confidential Appendix 1 contains an information memorandum ("CIM") prepared and circulated by the Debtors' sale agent, SSG Capital Advisors, LLC ("SSG").  SSG circulated the CIM to potential interested purchase of the Thane Group.  Confidential Appendix 2 is a valuation analysis of the Thane Group.  In short, each of the Confidential Appendices contains information that would be detrimental to the Thane Debtors' ongoing business and that could potentially negatively impact the value of the assets of the Thane Group if such information were made public.  Accordingly, the Receiver seeks an order from this Court allowing the Confidential Appendices to remain under seal.

9. The Receiver will provide copies of the Confidential Appendices to the Court and to the Office of the United States Trustees.

**BASIS FOR RELIEF**

10. The Bankruptcy Code and the Bankruptcy Rules authorize this Court to limit the disclosure of certain confidential information to protect entities from potential harm.  Specifically, Bankruptcy Code Section 107(b) provides, in relevant part, as follows:

On request of a party in interest, the bankruptcy court shall

(1)    protect an entity with respect to a trade secret or confidential research,

development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

      11.      Moreover, Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may seek an order protecting the disclosure of confidential proprietary information. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ...

Fed. R. Bankr. P. 9018. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad — 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

      12.      Courts have defined "commercial information" under Section 107(b)(1) of the Bankruptcy Code as information that provides an unfair advantage to competitors because it reveals information regarding the disclosing entity's commercial operations. See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. N.Y. 1994) ("Commercial information has been defined as information which would cause `an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" (quoting Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Intel Corp. (In re Intel Corp.), 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). The Court of Appeals for the Second Circuit in In re Orion further held that commercial information does not have to rise to the level of a trade secret. See In re Orion, 21 F.3d at 28 (stating that section 107(b) of the

Bankruptcy Code is drafted in the alternative such that protected information may be a trade secret or commercial information). In addition, courts have held that the information sought to be protected under Bankruptcy Code Section 107(b) must be so critical to the entity's operations that disclosure would unfairly benefit the entity's competitors. See In re Alterra Healthcare Corp., 353 B.R. 66, 76 (Bankr. D. Del. 2006) (stating that "the Court must find that information ... 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'") (quoting In re Barney's, Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Once a court finds that the information falls within the scope of Bankruptcy Code Section 107(b), the court is required to protect the interested entity from disclosure and lacks discretion to deny the request. See In re Orion, 21 F.3d at 27 (stating that "the court is required to protect a requesting interested party and has no discretion to deny the application").

13. The Confidential Appendices contain confidential commercial and other sensitive financial information. The protection of this information is necessary to preserve the value of the Thane Group as a going-concern. If the information contained in the Confidential Appendices was made public it could materially and negatively damage the value of the assets of the Thane Group. Thus, cause exists under Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018 for the Receiver to file the Confidential Appendixes under seal.

**NO PRIOR REQUEST**

14. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Receiver respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: October 25, 2015
      Wilmington, Delaware

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Morgan L. Patterson (Del. Bar No. 5388)
Nicholas T. Verna (Del. Bar No. 6082)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4337
Facsimile: (302) 661-7738
E-mail: mdesgrosseilliers@wcsr.com
E-mail: mpatterson@wcsr.com
E-mail: nverna@wcsr.com

Attorneys for Richter Advisory Group Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) | Chapter 15 |
| | ) | |
| THANE INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 15-12186 (___) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Joint Administration Requested) |
| | ) | Related Docket No. _____ |

**ORDER UNDER SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 AUTHORIZING FILING UNDER SEAL OF CERTAIN APPENDICES TO THE RECEIVER'S REPORT**

Upon the motion (the "Motion")[2] of the Receiver for an order, under Bankruptcy Code Sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Receiver to file under seal Confidential Appendices to the Receiver's Report; and it appearing that notice of the Motion was adequate and proper under the circumstances and that no other or further notice of the Motion need be given; and this Court having determined that the relief requested in the Motion is in the best interests of the Thane Debtors, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED that**:

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are authorized to file the Confidential Appendixes under seal.

---

[1] The last four digits of the Employer Identification Number for each debtor follow in parentheses: Thane International, Inc. (0275), Thane Direct, Inc. (2330), Thane Direct Company (N/A), West Coast Direct Marketing, Inc. (6456), TDG, Inc. (4037), Thane Direct Canada Inc. (8064) and Thane Direct Marketing, Inc. (N/A).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

       3.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

       4.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       October __, 2015

                                                                     United States Bankruptcy Judge