IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| THANE INTERNATIONAL, INC., et al.,[1] | ) | Case No. 15-12186 (___) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,
AND AFTER NOTICE AND A HEARING, A PRELIMINARY INJUNCTION,
PURSUANT TO SECTIONS 105(a), 362, 365, 1507, 1519, AND 1521 OF THE
BANKRUPTCY CODE**

Richter Advisory Group Inc. (the "Receiver"), the court-appointed receiver and duly authorized foreign representative for Thane International, Inc., Thane Direct, Inc., Thane Direct Company, West Coast Direct Marketing, Inc., TDG, Inc., Thane Direct Canada Inc., and Thane Direct Marketing, Inc. (collectively, the "Thane Debtors" or the "Thane Group") in Canadian receivership proceedings pending in Toronto, Ontario, Canada (the "Canadian Proceeding"),[2] pursuant to sections 105(a), 1507, 1519, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), hereby moves (the "Motion") for (i) the immediate entry, on an ex parte basis, of a temporary restraining order substantially in the form annexed hereto as Exhibit A, staying execution against the assets of the Thane Debtors located in the United States and applying sections 362 and 365 of the Bankruptcy Code in these cases on a provisional basis (the "TRO") and scheduling a hearing on the Receiver' request for a preliminary injunction, and

---

[1]  The last four digits of the Employer Identification Number for each debtor follow in parentheses: Thane International, Inc. (0275), Thane Direct, Inc. (2330), Thane Direct Company (N/A), West Coast Direct Marketing, Inc. (6456), TDG, Inc. (4037), Thane Direct Canada Inc. (8064) and Thane Direct Marketing, Inc. (N/A).

[2]  The Canadian Proceeding includes proceedings under both Canadian federal and provincial law. Richter Advisory Group Inc. was appointed as receiver pursuant to Section 243(1) of the Bankruptcy and Insolvency Act (Canada) (the "BIA") and as receiver pursuant to Section 101 of the Ontario's Courts of Justice Act.

(ii) after such hearing, the entry of a preliminary injunction, in substantially the form of order attached hereto as <u>Exhibit B</u>, extending the relief in the TRO until the disposition of the Chapter 15 Petitions (the "Preliminary Injunction," and with the TRO, the "Provisional Orders").[3] In support of the Motion, the Receiver respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue in this District is consistent with the interests of justice and convenience of the parties pursuant to 28 U.S.C. § 1410(3) and otherwise proper because three of the four Thane Debtors organized in the United States are incorporated under Delaware law. The statutory predicates for the relief requested herein are sections 105(a), 362, 365, 1507, 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND

2. The Court is respectfully referred to the Chapter 15 Petitions for a more comprehensive description of the Canadian Proceeding and the Thane Debtors' business, capital structure, and circumstances leading to the commencement of the Canadian Proceeding.

3. The principal purpose of the Canadian Proceeding is to facilitate a sale of the assets of the Thane Debtors as described in the Chapter 15 Petitions with the supervision and approval of the Canadian courts. The commencement of the Canadian Proceeding, among other things, (i) vested control of the Thane Debtors' business, property, and affairs with the Receiver,

---

[3] The Receiver is aware that the Court in <u>In re Energy Coal S.P.A.</u>, Case No. 15-12048 (Bankr. D. Del. Oct. 7, 2015) entered provisional relief pursuant to section 1519, applying injunction standards but not entering an injunction. The Receiver requests provisional relief in the alternative in accordance with such procedure, and entry of the order substantially in the form annexed hereto as <u>Exhibit C</u>.

(ii) imposed a stay on the rights of creditors, and (iii) prevented the commencement or continuation of all proceedings against the Thane Debtors.

## REQUEST FOR RELIEF

4. By this Motion, the Receiver seeks the entry of:

(a) a temporary restraining order, on an ex parte basis:

(i) pursuant to sections 105(a) and 1519(a)(1) of the Bankruptcy Code, except for the receivership pending in Canada, enjoining all persons and entities (including but not limited to all creditors of any of the Thane Debtors) from seizing, attaching, possessing, executing, and/or enforcing any claim or lien against any property located in the United States in which any of the Thane Debtors has an interest; and

(ii) pursuant to sections 105(a), 1507, 1519(a)(3), and 1521(a)(7) of the Bankruptcy Code, applying sections 362 and 365 of the Bankruptcy Code in these cases, thereby (a) staying any and all actions or proceedings against the Thane Debtors and their assets located in the United States and (b) preserving contracts that have not been terminated and enjoining all persons and entities from taking any action to terminate or modify any executory contract or unexpired lease with any of the Thane Debtors, including without limitation the right to rely upon any contractual provision purporting to effect a termination or modification solely because of a condition of the kind described in section 365(e)(1) of the Bankruptcy Code; and

(iii) scheduling a hearing for a preliminary injunction; and

(b) after notice and hearing, a preliminary injunction extending the relief set forth above until such time as this Court enters an order disposing of the Chapter 15 Petitions.

## BASIS FOR RELIEF

I. **SECTION 1519 OF THE BANKRUPTCY CODE AUTHORIZES THE REQUESTED PROVISIONAL RELIEF**

5. These cases have been commenced for the purpose of obtaining the assistance of this Court in aid of the Canadian Proceeding to facilitate the conduct of a single, centralized, and efficient restructuring process for the Thane Group. The Receiver believes that a stay of proceedings against the Thane Debtors' assets located in the United States, as well as

the provisional application of sections 362 and 365 of the Bankruptcy Code, is crucial to preserve key contracts and prevent any creditors of the Thane Group from pursuing remedies and taking other action that may have a cascading and devastating effect and result in significant erosion in enterprise value to the detriment of all stakeholders.

6. The success of the Receiver's efforts to avoid harm and maximize and preserve the value of the estates will depend in large part on cooperation from the various constituencies. In order to be in the best position to accomplish the foregoing, the Receiver must have a stable platform at the outset of the chapter 15 cases so that it is clear that contract counterparties and other creditors are stayed from enforcing rights against property located in the United States in which the Thane Debtors have an interest. Such relief must be provided initially without notice as there is no assurance that, absent such immediate relief, parties will not take actions that contravene the interests of the Thane Debtors.

7. Although the relief requested herein is not automatic upon the filing of a chapter 15 petition, the Court has the discretion to grant such relief on a provisional basis pursuant to sections 105(a), 1519(a), and 1521(a)(7) of the Bankruptcy Code in order to preserve the estates of the Thane Debtors during the pendency of these Chapter 15 cases. Specifically, section 1519(a) of the Bankruptcy Code authorizes the Court to grant "relief of a provisional nature" from the time of filing a petition for recognition until the Court rules on the petition where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors," including "staying execution against the debtor's assets." 11 U.S.C. § 1519(a)(1). In addition, pursuant to section 1519(a)(3) of the Bankruptcy Code, the Court is authorized to grant, on a provisional basis, the relief available under section 1521(a)(7) of the Bankruptcy Code.

8. Section 1521(a)(7) of the Bankruptcy Code, in turn, provides that a court may order the application of any provisions of the Bankruptcy Code available to a debtor-in-possession or trustee to a case under Chapter 15 of the Bankruptcy Code, subject to certain statutory exceptions not relevant here. Similarly, section 1507(a) provides that "subject to the specific limitations stated elsewhere in this chapter the court, if recognition is granted, may provide additional assistance to a foreign representative under [title 11]"

9. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order. . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Section 362 of the Bankruptcy Code would apply automatically in a plenary U.S. bankruptcy proceeding to stay creditor action and contract termination during the trustee's administration of the estate. See, id. § 362. Likewise, in such a plenary case, section 365 of the Bankruptcy Code would govern the rights and remedies with respect to executory contracts and unexpired leases, including rendering unenforceable ipso facto clauses that would otherwise allow a counterparty to terminate such contract or lease solely on the basis of a condition of the kind described in section 365(e)(1).[4] See id. § 365. The protections of these provisions, therefore, constitute "relief that may be available to a trustee" that this Court may grant, in its discretion, in order to preserve

---

[4] Section 365(e)(1) of the Bankruptcy Code provides:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on —
>
> (A)    the insolvency or financial condition of the debtor at any time before the closing of the case;
> (B)    the commencement of a case under this title; or
> (C)    the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

Id. § 365(e)(1).

the estate during the pendency of these Chapter 15 cases. See id. §§ 105(a), 1507, 1519(a)(3), and 1521(a)(7).

10. Courts, including those in the District of Delaware, have granted provisional relief – including, but not limited to, the application of sections 362 and 365 of the Bankruptcy Code – pursuant to sections 1519(a) of the Bankruptcy Code in a number of chapter 15 cases. See, e.g., In re Energy Coal S.P.A., Case No. 15-12048 (Bankr. D. Del. Oct. 7 2015) (entering a provisional order pursuant to section 1519 setting in place a temporary stay, applying injunction standards, but not entering an injunction); NewSat Limited., Case No. 15-10810 (Bankr. D. Del. April 15, 2015) (entering ex parte temporary restraining order on the date of the chapter 15 filing and then, after notice and contested hearing, entering preliminary injunction pending recognition hearing); In re Electro Sonic Inc., Case No. 14-10240 (Bankr. D. Del. Feb. 11, 2014) (ex parte provisional relief ordered to stay actions against U.S. assets of Canadian debtor from chapter 15 case commencement through recognition); In re Xchange Tech. Group LLC, Case No. 13-12809 (Bankr. D. Del. Oct. 30, 2013) (order apply sections 362 and 365(e) in a chapter 15 case on a provisional basis pursuant to section 1519); In re Arctic Glacier, Case No. 12-10605 (Bankr. D. Del. Feb. 23, 2012) (order granting provisional relief, including protections of automatic stay and 365(e) and DIP financing); In re Catalyst Paper Corp., No. 12-10221 (Bankr. D. Del. Feb. 1, 2012) (applying in a chapter 15 case sections 365(e) and 362 on a provisional basis pursuant to section 1519); In re Angiotech Pharm., Inc., No. 11-10269 (Bankr. D. Del. Jan. 31, 2011) (same); In re Destinator Tech. Inc., No. 08-11003 (Bankr. D. Del. May 23, 2008) (enforcing in the United States a Canadian stay on all proceedings against chapter 15 petitioners and their business and property on a provisional basis pursuant to section 1519); In re Pro-Fit Holdings Ltd., No. 08-17043 (Bankr. C.D. Ca. July 11, 2008) (applying in a chapter 15

case section 362 on a provisional basis pursuant to section 1519); In re MAAX Corp., No. 08-11443 (Bankr. D. Del. July 15, 2008) (applying in a chapter 15 case section 365(e)(1) on a provisional basis pursuant to section 1519 to protect against the termination of real property leases).

## II. THE REQUESTED PROVISIONAL RELIEF IS JUSTIFIED

11. The relief available under section 1519 of the Bankruptcy Code is available pursuant to "the standards, procedures, and limitations applicable to an injunction." 11 U.S.C. § 1519(e). In the Third Circuit, the "standard for evaluating a motion for preliminary injunction is a four-part inquiry as to: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." U.S. v. Bell, 414 F.3d 474, 478 n. 4 (3d Cir. 2005) (citing ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n. 2 (3d Cir. 1996) (en banc)). The Receiver submits that this standard is satisfied in these chapter 15 cases.

### A. There Is a Substantial Likelihood of Recognition.

12. As detailed more fully in the Chapter 15 Petitions, recognition of the Canadian Proceeding is warranted under section 1517 of the Bankruptcy Code. Accordingly, as set forth herein, there is therefore a substantial likelihood that such relief will be granted.

13. The Canadian Proceeding is a "foreign proceeding" and the Receiver is a "foreign representative," as those terms are defined in the Bankruptcy Code. In addition, these cases were duly and properly commenced by filing the petitions accompanied by all fees, documents, and information required by the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure, including: (a) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1; (b) a list containing the information described in Bankruptcy Rule 1007(a)(4); (c) a statement identifying all foreign proceedings with respect to the Thane Debtors that are known to the Receiver (as required under section 1515(c) of the Bankruptcy Code); and (d) a copy of the order entered in the Canadian Proceeding, dated October 23, 2015, appointing the Receiver for each of the Thane Debtors, to evidence the commencement of the Canadian Proceeding (as required under section 1515(b) of the Bankruptcy Code).

      **B.**    **The Relief Requested Is Necessary to Prevent Irreparable Injury.**

      14.    The automatic stay in section 362 of the Bankruptcy Code is one of the fundamental protections provided by bankruptcy law. Among other things, the automatic stay halts all contract termination, collection efforts, harassment, and foreclosure actions, and provides debtors with necessary breathing room from the financial pressures that caused the bankruptcy filing. Section 365 of the Bankruptcy Code provides a debtor with similar relief by enabling a debtor to maintain key contracts and prohibiting counterparties from terminating executory contracts with the debtor solely because of the debtor's bankruptcy filing. Without the protections of sections 362 and 365 of the Bankruptcy Code on a provisional basis, the Thane Debtors would face immediate and irreparable harm resulting from the termination of significant and valuable agreements and the piecemeal loss of assets from individual creditor collection and enforcement efforts prior to the Court's consideration of the Chapter 15 Petitions.

      15.    Courts have consistently held that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." In re Lines, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Courts have also found in numerous cases that harm to an

estate exists where creditor actions disrupt the orderly determination of claims and the fair distribution of assets. See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 714 (2d Cir. 1987); see also In re MMG LLC, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("As a rule . . .irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of the other creditors.") (internal citations omitted). In this case, allowing counterparties to terminate key contracts and creditors to initiate piecemeal litigation and collection efforts against the Thane Debtors in the United States would have a detrimental impact on the Thane Debtors' ability to continue conducting business in the ordinary course. Moreover, the Receiver believes that such actions may have a cascading effect, resulting in significant erosion in enterprise value and defeating the purpose of the stay created by the Canadian Proceeding.

      C.      **Granting the Provisional Relief Will Not Result in Even Greater Harm to Creditors.**

      16.      Consideration of the balance of harms further supports entry of the Provisional Orders as requested herein. Specifically, the Thane Debtors' creditors will not be harmed by the requested provisional relief as such relief will merely preserve the status quo and enable the Thane Debtors to continue their operations for the short time necessary for the Court to rule on the Chapter 15 Petitions.

      17.      As the legislative history to section 362 of the Bankruptcy Code provides:

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977). Similarly, the legislative history to section 365(e) provides:

> Subsection (e) invalidates ipso factor [sic] or bankruptcy clauses. These clauses, protected under present law, automatically terminate the contract or lease, or permit the other contracting party to terminate the contract or lease, in the event of bankruptcy. This frequently hampers rehabilitation efforts. If the trustee may assume or assign the contract under the limitations imposed by the remainder of the section, then the contract or lease may be utilized to assist in the debtor's rehabilitation or liquidation.

House Report No. 95-595, 95th Cong., 1st Sess. (1977).

18. Creditors of the Thane Debtors will not suffer any harm if the Receiver's request for provisional relief is granted. In fact, courts have recognized that provisional maintenance of a stay "actually serve(s) to benefit the estate's creditors by allowing for an orderly administration of the Foreign Debtor's financial affairs"). See In re Innua Canada, Ltd., Case No. 09-16362(DHS), 2009 WL 1025088, at 2-4 (Bankr. D.N.J., Mar. 25, 2009). Moreover, any creditor or potential creditor that objects to the relief requested herein will have an opportunity to be heard, and may apply to this Court for relief if such creditor believes the terms of the Provisional Orders cause harm to such creditor. By contrast, the Thane Debtors will suffer significant injury from creditor collection efforts and contract terminations if the Court does not grant the relief sought by the Motion.

D. **The Public Interest Favors Granting the Provisional Relief.**

19. The requested provisional relief is consistent with the policy underlying bankruptcy law and is in the public interest because such relief will facilitate the efforts to preserve value for the ultimate benefit of the Thane Debtors' creditors who will likely receive greater recoveries than if the Thane Debtors' assets were liquidated. See In re ABC Learning Centers Ltd., 728 F.3d 301, 306 (3d Cir. 2013) (emphasizing that chapter 15 serves the

"universalism" approach to transnational bankruptcy, preferring that U.S. courts act in aid of foreign proceedings); Rehabworks, Inc. v. Lee (In re Integrated Health Servs, Inc.), 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); In re Lazarus Burman Assocs., 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993) ("The public interest, in the context of a bankruptcy proceeding, is in promoting a successful reorganization."); see also In re Adelphia Comm'cns Corp., 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole."); Am. Film Techs v. Taritero (In re Am. Film Techs.), 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (quoting Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Restr., Inc.), 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)).

20. Granting the provisional relief also promotes cooperation between jurisdictions in cross-border insolvencies, an express purpose of chapter 15 of the Bankruptcy Code. Specifically, section 1501(a) of the Bankruptcy Code provides:

> (a) The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of –
>
> . . .
>
>> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>>
>> (4) protection and maximization of the value of the debtors' assets; and

    (5) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501(a).

  21. Under section 1525(a) of the Bankruptcy Code, "consistent with section 1501, this court shall cooperate to the maximum extent possible with a foreign court or a foreign representative." Id. § 1525(a); see also id. § 1501. Entry of the Provisional Orders is necessary to give effect to the Canadian Proceeding and assist the Receiver in accomplishing its objectives. Thus, in addition to the reasons set forth above, this Court should grant the requested relief in accordance with well-established principles of international comity, as embodied in sections 1501 and 1525 of the Bankruptcy Code.

## NOTICE

  22. Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware and, with respect to the Preliminary Injunction, or other interim relief granted by the Court as requested herein, will be provided in accordance with any order the Court may enter with respect to the Receiver's Motion for Order Scheduling Hearing on Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance under 11 U.S.C.§§105(a), 1507 and 1521 and Specifying Form and Manner of Service of Notice of Hearing. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice of the Motion is necessary or required.

## CONCLUSION

Wherefore, the Receiver respectfully requests that this Court (i) enter, on an ex parte basis, the TRO in the form attached hereto as <u>Exhibit A</u>, and schedule a hearing to consider the Receiver's request for a preliminary injunction, (ii) after such hearing, enter the Preliminary Injunction, in substantially the form attached hereto as <u>Exhibit B</u>, and (iii) grant any such other and further relief as this Court deems just and proper. In the alternative, the Receiver respectfully requests that this Court (i) enter, on an ex parte basis, the order in the form attached hereto as <u>Exhibit C</u>, and (ii) grant any such other and further relief as this Court deems just and proper.

Dated: October 25, 2015
       Wilmington, Delaware

                                              /s/ Mark L. Desgrosseilliers
                                        Mark L. Desgrosseilliers (Del. Bar No. 4083)
                                        Morgan L. Patterson (Del. Bar No. 5388)
                                        Nicholas T. Verna (Del. Bar No. 6082)
                                        Womble Carlyle Sandridge & Rice, LLP
                                        222 Delaware Avenue, Suite 1501
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 252-4337
                                        Facsimile: (302) 661-7738
                                        E-mail: mdesgrosseilliers@wcsr.com
                                        E-mail: mpatterson@wcsr.com
                                        E-mail: nverna@wcsr.com

                                        Attorneys for Richter Advisory Group Inc.

WCSR 35176587v6