# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| *In re* | ) | Chapter 15 |
| | ) | |
| THANE INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 15-12186 (KG) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. ___** |

**ORDER PURSUANT TO SECTIONS 105(a), 363, 365, 1501, AND 1521 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 2002, 6004, AND 9014, FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING THE APPROVAL VESTING, AND DISTRIBUTION ORDER (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (III) AUTHORIZING ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the Motion (the "Motion")[2] of the Receiver for the above-captioned debtors (collectively, the "Thane Debtors") in the proceeding (the "Canadian Proceeding") commenced under Canada's *Bankruptcy and Insolvency Act* (Canada) and the *Ontario Courts of Justice Act* pending before the Ontario Superior Court of Justice [Commercial List] (the "Canadian Court"), for the entry of an order, pursuant to sections 105(a), 363(b), (f), (m), and (n), 1501, and 1521 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and Local Rule 6004-1 (a) recognizing and enforcing paragraphs 5, 19, and 21-23 of the Appointment Order (the "Appointment Order") and paragraphs 2, 13 and 14 of the Approval, Vesting, and Distribution Order (the "Vesting Order"), both of which were entered by the Canadian Court on October 23, 2015, and pursuant to which the Canadian Court has authorized

---

[1] The last four digits of the Employer Identification Number for each debtor follow in parentheses: Thane International, Inc. (0275), Thane Direct, Inc. (2330), Thane Direct Company (N/A), West Coast Direct Marketing, Inc. (6456), TDG, Inc. (4037), Thane Direct Canada Inc. (8064), and Thane Direct Marketing, Inc. (N/A).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the sale and transfer (the "Sale") by the Receiver of the Debtors' right, title, and interest in and to substantially all of the Thane Debtors' assets (collectively, the "Purchased Assets") to the New Thane Purchasers pursuant to the Purchase Agreement, by and between the Receiver and the New Thane Purchasers, dated October 16, 2015, free and clear of all claims, liabilities and encumbrances, except as set forth in the Purchase Agreement; (b) authorizing, pursuant to section 363 of the Bankruptcy Code, the Sale of the Thane Debtors' right, title, and interest in and to the Purchased Assets to the New Thane Purchasers, free and clear of all Interests (as defined herein), except as otherwise provided in the Purchase Agreement; (c) authorizing and approving, to the extent provided for in the Vesting Order, and pursuant to section 365 of the Bankruptcy Code, the assignment of the Contracts to be assigned to the New Thane Purchasers pursuant to the Purchase Agreement (the "Assumed Contracts"); and (d) granting certain related relief; and this Court having entered the Order Granting Recognition and Related Relief (Docket No ___) the "Recognition Order"); and upon the Declaration of Pritesh Patel in Connection with the Verified Petition for Recognition of Foreign Main Proceeding and Related Relief (the "Patel Declaration"), including the Report of the Proposed Receiver (the "Report") dated October 19, 2015, and the Supplementary Report to the Report of the Proposed Receiver (the "Supplemental Report") dated October 22, 2015, attached thereto, and upon the Affidavit of Paul Findlay (the "Findlay Affidavit") (attached to the Motion); and, subject to the orders of this Court limiting notice in these Chapter 15 bankruptcy cases, all parties in interest having been heard, or having had the opportunity to be heard, regarding the recognition and enforcement of the Receivership Order and the Vesting Order and the approval of the Purchase Agreement and transactions contemplated thereby; and the Canadian Court having entered the Receivership Order and Vesting Order; and this Court having reviewed and considered the Motion, the arguments of

counsel made, and the evidence adduced at a hearing before this Court (the "Sale Hearing"); and upon the record of the Sale Hearing and these Chapter 15 bankruptcy cases, and after due deliberation thereon, and good cause appearing therefor, and in accordance with Rule 7052 of the Bankruptcy Rules, it is hereby

**FOUND and DETERMINED that:**[3]

  A. The Canadian Court has duly entered the Receivership Order and the Vesting Order: (i) approving and authorizing the Thane Debtors' execution of the Purchase Agreement and consummation of the sale of the Purchased Assets and the assignment of the Assumed Contracts free and clear of all Interests; and (ii) requesting aid and recognition from this Court to give effect to the Receivership Order and the Vesting Order.

  B. This Court has jurisdiction and authority to hear and determine the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b).

  C. Venue of these chapter 15 cases and the Motion in this Court and this District is proper under 28 U.S.C. § 1410.

  D. Based on the affidavits of service filed with, and representations made to, this Court: (i) notice of the Motion, the Sale Hearing, and the Sale were proper, timely, adequate, and sufficient under the circumstances of these Chapter 15 bankruptcy cases and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Rule 52 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

Local Rules (or such compliance is hereby waived); and (ii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the entry of this Order is necessary or shall be required.

        E.       Under the circumstances of the Chapter 15 bankruptcy cases, the Receiver provided a reasonable opportunity to object and be heard with respect to the Sale, the Motion, and the relief requested therein to the necessary parties in interest, including the following (and subject to any orders of this Court otherwise limiting notice in these Chapter 15 bankruptcy cases): (i) all known creditors of the Thane Debtors or holders of Interests with respect to the Thane Debtors and/or any assets of the Thane Debtors; (ii) all parties to litigation pending in the United States in which any of the Thane Debtors is a party as of the Petition Date; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the United States Attorney's Office for the District of Delaware; (v) the United States Internal Revenue Service; (vi) the United States Department of Justice; (vii) counsel for the New Thane Purchasers; (viii) counsel to the Senior Lenders; (ix) all persons or entities known to have liens on the Purchased Assets; and (x) all counterparties to those contracts that are not Assumed Contracts.

        F.       This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

        G.       The relief granted herein is necessary and appropriate, is in the interest of the public, promotes international comity, is consistent with the public policy of the United States, is warranted pursuant to sections 105(a), 363(b), (f), (m), and (n), 365, 1501, and 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

        H.       The Purchase Agreement contemplates the assignment of the Assumed Contracts, which assignment requires the consent of the non-debtor parties to such contracts. As

such, enforcement in the United States of the assignment of the Assumed Contracts to the New Thane Purchasers does not present any public policy conflict or any issue concerning protection of the interests of the parties to the Assumed Contracts that would prevent this Court from entering this Order.

I. Based on information contained in the Patel Declaration (including the exhibits thereto) and the Findlay Affidavit, the Thane Debtors, through SSG, conducted a prepetition marketing process for the sale of the Thane Debtors' assets. The Canadian Court found that the Sale was commercially reasonable and that the prepetition marketing process was sufficient and appropriate under the circumstances to support approval of the Sale pursuant to the terms of the Purchase Agreement and entered the Receivership Order.

J. The Receiver has recommended the Sale in accordance with the Purchase Agreement, including the assignment of the Assumed Contracts. The New Thane Purchasers are able and have agreed to assume and perform the obligations of the Thane Debtors under the Assumed Contracts in accordance with their terms, including the payment of arrears in accordance with the Purchase Agreement, and it is appropriate that the Purchased Assets, including the Assumed Contracts, be transferred, assigned, and vested in the New Thane Purchasers.

K. The consideration provided by the New Thane Purchasers for the Purchased Assets is the highest or otherwise best offer.

L. The Purchase Price constitutes fair consideration and reasonably equivalent value for the Purchased Assets under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the laws of the United States, any state, territory, possession thereof, or the District of Columbia.

M.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

N.  Time is of the essence in consummating the Sale. To maximize the value of the Purchased Assets, it is essential that the Sale occur promptly. Accordingly, there is cause to waive the stay that would otherwise be applicable under Bankruptcy Rule 6004.

O.  Based upon information contained in the Patel Declaration, including the Report and the Supplemental Report attached thereto and the Findlay Affidavit, the negotiations over the terms of the Purchase Agreement were conducted fairly, in good faith, and without collusion.

P.  The New Thane Purchasers have acted in good faith within the meaning of section 363(m) of the Bankruptcy Code.

Q.  None of the Receiver, the New Thane Purchasers, nor the New Thane Debtors engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

R.  The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Thane Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia.

S.  The Receiver may sell the Purchased Assets free and clear of all Interests, to the extent provided in the Purchase Agreement, the Receivership Order, the Vesting Order, and this Order, because, with respect to each creditor asserting an Interest, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those

holders of Interests who did not object or who withdrew their objections to the Sale or the Motion are deemed to have consented to the Motion and Sale pursuant to section 363(f)(2) of the Bankruptcy Code.

T. The New Thane Purchasers would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Thane Debtors, their creditors, and other parties in interest if either: (i) the sale of the Purchased Assets to the New Thane Purchasers was not free and clear of all Interests, except as otherwise provided in the Purchase Agreement; or (ii) the New Thane Purchasers would, or in the future could, be liable for any of such Interests or any claims against the Debtors based upon successor or vicarious liability or otherwise, except as provided in Purchase Agreement.

U. A sale of the Purchased Assets other than one free and clear of all Interests, except as otherwise provided in the Purchase Agreement, would yield substantially less value than the Sale; thus, the Sale free and clear of all Interests, in addition to all of the relief provided herein, is in the best interests of the Thane Debtors, their creditors, and other parties in interest.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. The Appointment Order and the Vesting Order, copies of which are attached hereto as Exhibit 1 and Exhibit 2, respectively, are recognized in full and given full force and effect in the United States.

3. The Sale pursuant to the terms of the Purchase Agreement and the transfer and assignment of the Purchased Assets located within the United States are approved and authorized pursuant to sections 363 and 1521 of the Bankruptcy Code.

4. All objections to the entry of this Order that have not been withdrawn, waived, settled, or otherwise resolved pursuant to the terms hereof, are denied and overruled on the merits, with prejudice.

5. Pursuant to sections 105, 363, 365, and 1521 of the Bankruptcy Code, and to the extent permitted by the Receivership Order and the Vesting Order, each of the Thane Debtors, the New Thane Purchasers, and the Receiver is authorized to take any and all actions necessary or appropriate to: (a) consummate the Sale of the Purchased Assets to the New Thane Purchasers in accordance with the Purchase Agreement, the Receivership Order, the Vesting Order, and this Order; and (b) perform, consummate, implement, and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale.

### TRANSFER OF THE PURCHASED ASSETS

6. Pursuant to sections 105(a), 363(f), and 1521 of the Bankruptcy Code, and as provided for in the Receivership Order, and the Vesting Order, upon delivery of the Receiver's Certificate to the New Thane Purchasers in accordance with the Vesting Order, the Purchased Assets shall absolutely vest, without further instrument of transfer or assignment, in the New Thane Purchasers and shall be a legal, valid, and effective transfer of the Purchased Assets free and clear of each of the following (collectively, the "Interests"): Any and all security interests (whether contractual, statutory, or otherwise), mortgages, pledges, options, warrants, trusts or deemed trusts (whether contractual, statutory, or otherwise), encumbrances, obligations, liabilities, demands, guarantees, restrictions, contractual commitments, rights, including without limitation, rights of first refusal and rights of set-off, liens, executions, levies, penalties, charges, or other financial or monetary claims, adverse claims, or rights of use, puts or forced sales provisions exercisable as a consequence of or arising from the closing of the Sale, whether

arising prior to or subsequent to the commencement of the Canadian Proceeding and these Chapter 15 bankruptcy cases, whether or not they have attached or been perfected, registered, or filed and whether secured, unsecured, legal, equitable, possessory or otherwise, actual or threatened civil, criminal, administrative, regulatory, arbitral or investigative inquiry, action, complaint, suit, investigation, dispute, petition or proceeding by or before any governmental authority or person at law or in equity whether imposed by agreement, understanding, law, equity, or otherwise, and any claim or demand resulting therefrom including, without limiting the generality of the foregoing: (a) any encumbrances or charges created by the Appointment Order and/or any subsequent charges created by the Canadian Court; (b) all charges, security interests, or claims evidenced by any personal property registry system in the United States; and (c) excluded liabilities as set forth in section 2.5 of the Purchase Agreement.  Notwithstanding the previous sentence, nothing contained herein shall limit the obligations of the New Thane Purchasers to assume the Assumed Obligations (as defined in the Purchase Agreement), and to perform its obligations under the Assumed Contracts.

        7.     Except as expressly provided in the Purchase Agreement, the Receivership Order, the Vesting Order, and/or this Order, pursuant to sections 105(a), 363(f), and 1521 of the Bankruptcy Code, upon the time of closing of the Sale (the "Time of Closing"): (a) the Purchased Assets shall be sold, transferred, or otherwise conveyed to the New Thane Purchasers free and clear of all Interests; (b) no holder of an Interest against the Thane Debtors shall interfere with the New Thane Purchasers' title to or use and enjoyment of the Purchased Assets based on or related to such Interests; and (c) the Purchase Agreement, the Sale, and any instruments contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Thane Debtors or any successor thereof.  All persons or entities

holding Interests in, to or against the Purchased Assets are forever barred from asserting such Interests against the New Thane Purchasers, their affiliates, successors and assigns, and current affiliates, officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives (collectively, the "Purchaser Releasees") or such Purchased Assets after the Time of Closing.

8. None of the Purchaser Releasees shall have or incur any liability to, or be subject to any action by any Thane Debtor, or any of the Thane Debtors' predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the Purchase Agreement, or the entry into and consummation of the Sale, except as expressly provided in the Purchase Agreement, the Receivership Order, the Vesting Order, and/or this Order.

9. Except as otherwise provided in the Purchase Agreement, any and all Purchased Assets in the possession or control of any person or entity, including, without limitation, any vendor, supplier, or employee of the Thane Debtors shall be transferred to the New Thane Purchasers free and clear of all Interests, and, upon reasonable request of the New Thane Purchasers, all such persons or entities are directed to surrender possession of the Purchased Assets to the New Thane Purchasers at the Time of Closing.

10. To the extent permissible under the Receivership Order and the Vesting Order, none of the New Thane Purchasers, or their affiliates, members, and shareholders shall be deemed, as a result of any action taken in connection with the Sale or the New Thane Purchasers' post-closing use or operation of the Purchased Assets, to: (a) be a successor to the Thane Debtors; (b) have, de facto or otherwise, merged or consolidated with or into the Thane Debtors; or (c) be a continuation or substantial continuation of the Thane Debtors or any enterprise of the

Thane Debtors. Except for the Assumed Obligations, the transfer of the Purchased Assets to the New Thane Purchasers under the Purchase Agreement, the Receivership Order, the Vesting Order, and this Order shall not result in the Purchaser Releasees having any liability or responsibility whatsoever: (y) for any Interest against the Thane Debtors or against an insider of the Thane Debtors; or (z) to the Thane Debtors, except as is expressly set forth in the Purchase Agreement, the Receivership Order, the Vesting Order, this Order, and/or any other order of the Canadian Court. Without limiting the generality of the foregoing, except as otherwise provided in the Purchase Agreement, the Receivership Order, this Order, or any other order of the Canadian Court, the conveyance of the Thane Debtors' rights, title, and interest in the Purchased Assets to the New Thane Purchasers under the Purchase Agreement shall not result in any Purchaser Releasee having any liability or responsibility whatsoever for any: (a) Interest, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly; (b) obligation under any of the Thane Debtors' labor or employment agreements; (c) of the Thane Debtors' mortgages, deeds of trust, and security interests; (d) intercompany loans and receivables between the Thane Debtors and any non-debtor subsidiary or affiliate; (e) of the Thane Debtors' pension, welfare, compensation or other employee benefit plans, agreements, practices and programs; (f) of the Thane Debtors' other employee, worker's compensation, occupational disease, unemployment, or temporary disability related claims, including without limitation, claims that might arise under or pursuant to (i) the Employee Retirement Income Security Act of 1974, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Worker Adjustment and Retraining Act of 1988, (vii) the Age Discrimination and Employee Act of 1976 and Age Discrimination in Employment Act, as amended, (viii) the

Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985, (x) state discrimination laws, (xi) state unemployment compensation laws or any other similar state laws, (xii) any other state or federal benefits or claims relating to any employment with the Thane Debtors or any of their predecessors; or (g) successor or vicarious liabilities of any kind or character, including, but not limited to, federal, state, or other tax liabilities, U.S. or foreign pension liabilities, or liabilities based on any theory of antitrust, environmental, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, de facto merger or substantial continuity, whether known or unknown, whether legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Chapter 15 Cases, whether imposed by agreement, understanding, law, equity, or otherwise with respect to any of the Thane Debtors or any obligations of the Thane Debtors, including, but not limited to, in the case of liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Thane Debtors' business prior to the Time of Closing or any taxes in connection with, or in any way relating to the cancellation of debt of the Thane Debtors or their affiliates.

    11.  The entry of this Order: (a) is and shall be effective as a determination that, upon the Time of Closing, except as expressly provided in the Purchase Agreement, the Receivership Order, the Vesting Order, and/or this Order, all Interests existing as to the Purchased Assets prior to the Time of Closing, have been released, extinguished, expunged, and discharged as against the Purchased Assets; and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, recorders of fees, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the New Thane Purchasers are the assignee of the Purchased Assets free and clear of all Interests, except as expressly provided in the Purchase Agreement, the Receivership Order, the Vesting Order, and/or this Order.

12. Each and every federal, state, and local governmental agency or department is authorized to accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Purchase Agreement.

13. Except with respect to enforcing the terms of the Purchase Order, the Receivership Order, the Vesting Order, or this Order, absent a stay pending appeal, no person shall take any action to prevent or enjoin or otherwise interfere with consummation of the transaction contemplated in or by the Purchase Agreement.

14. Effective as of the Time of Closing, the Receivership Order, the Vesting Order, and this Order shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Thane Debtors' interests in the Purchased Assets.

**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

15. As provided in the Purchase Agreement, the Receivership Order, and the Vesting Order, upon delivery of the Receiver's Certificate, the Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the New Thane Purchasers in accordance with their respective terms. The transfer and assignment of the Assumed Contracts shall be valid notwithstanding any restriction, condition, or prohibition contained in any such Assumed Contract relating to the assignment thereof (including those of the type described in

sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer or requires the consent of any party to such assignment or transfer.

16. As provided in paragraph 4 of the Vesting Order, the assignment of the rights and obligations of the Thane Debtors under the Assumed Contracts to the New Thane Purchasers, pursuant to section 2.3 of the Purchase Agreement, is valid and binding upon all of the counterparties to the Assumed Contracts, without further documentation, as if the New Thane Purchasers were party to the Assumed Contracts, notwithstanding any restriction or prohibition contained in any such Assumed Contract relating to the assignment thereof, including any provision requiring the consent of any party to an Assumed Contract.

17. Each counterparty to the Assumed Contracts is prohibited from exercising any right or remedy under the Assumed Contracts by reason of any defaults thereunder arising from the commencement or pendency of the Canadian Proceeding or these Chapter 15 Cases or the solvency or financial condition of the Thane Debtors.

18. This Court shall retain jurisdiction to enforce any and all terms and provisions of the Purchase Agreement, the Receivership Order, the Vesting Order, and/or this Order with respect to any such Assumed Contract.

**ADDITIONAL PROVISIONS**

19. The New Thane Purchasers, as purchasers in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless, prior to the Time of Closing, such authorization is duly stayed pending appeal.

20. The terms and provisions of the Purchase Agreement and this Order shall be binding on and inure to the benefit of the Thane Debtors, the New Thane Purchasers, the

Thane Debtors' creditors, and all other parties in interest, and any successors of the Thane Debtors, the New Thane Purchasers, and the Thane Debtors' creditors, including any trustee(s), examiner(s), or receiver(s) appointed in these cases or under any chapter of the Bankruptcy Code or any other law, and all such terms and provisions shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Thane Debtors, their creditors, or any trustee(s), examiner(s), or receiver(s).

21. Subject to the terms and conditions of the Receivership Order, the Vesting Order, and the Purchase Agreement, provisions of the Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement among the Receiver and the New Thane Purchasers in a writing signed by the Receiver and the New Thane Purchasers without further action or order of this Court.

22. The failure to include any particular provision of the Receivership Order, the Vesting Order, the Purchase Agreement, or any related agreements in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of this Court that the Receivership Order, the Vesting Order, the Purchase Agreement, and any related agreements, with such amendments thereto as may be made by the parties in accordance with the Receivership Order, the Vesting Order, and the Purchase Agreement be approved and authorized in their entirety.

23. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Thane Debtors, the New Thane Purchasers, and the Receiver are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Thane Debtors, the New Thane Purchasers, and the Receiver may, in their discretion and without

further delay, take any action and perform any act authorized under the Receivership Order, the Vesting Order and/or this Order.

24. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the New Thane Purchasers on account of the filing or pendency of these Chapter 15 bankruptcy cases or the consummation of the Sale.

25. Nothing in this Order shall be deemed to waive, release, extinguish, or estop the Thane Debtors or the Receiver from asserting, or otherwise impair or diminish, any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not a Purchased Asset.

26. The provisions of this Order are non-severable and mutually dependent.

27. Other than as explicitly set forth herein, this Court shall retain jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       November \_\_\_\_, 2015

                                               The Honorable Kevin Gross
                                               United States Bankruptcy Judge