# EXHIBIT C

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE JOUR DE

REGISTRAR Bruna Gagliardi GREFFIER
Registrar

Court File No.: CV-15-11146-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE** | ) | **FRIDAY, THE 23rd DAY** |
| | ) | |
| **JUSTICE PENNY** | ) | **OF OCTOBER , 2015** |

BETWEEN:

**BANK OF MONTREAL**

Applicant

- and -

**THANE INTERNATIONAL, INC., THANE DIRECT, INC., THANE DIRECT COMPANY, THANE DIRECT MARKETING INC., WEST COAST DIRECT MARKETING, INC., THANE DIRECT CANADA INC. AND TDG, INC.**

Respondents

**APPLICATION UNDER section 243 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, and under section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43**

**APPOINTMENT ORDER**

**THIS APPLICATION** made by Bank of Montreal ("**BMO**" or the "**Applicant**") for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "**CJA**") appointing Richter Advisory Group Inc. as receiver (the "**Receiver**"), without security, to exercise the powers and duties specifically set out in this Order with respect to the assets, undertakings and properties of the Respondents (collectively, the "**Debtors**") held

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF Oct 20 15
FAIT A TORONTO LE JOUR DE

Bruna Gagliardi
Registrar
REGISTRAR GREFFIER

for, or used in relation to, a business carried on by the Debtors, was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Affidavit of Paul Findlay sworn October 16, 2015, and the Exhibits thereto, and the Report of Richter Advisory Group Inc. ("**Richter Report**") dated October 19, 2015 in its capacity as proposed Receiver (the "**Pre-Appointment Report**") and on hearing the submissions of counsel for the Applicant, counsel for the Receiver and counsel for New Thane Holdco, no one appearing for any other party although duly served as appears from the Affidavit of Service of Haddon Murray and on reading the Consent of Richter Advisory Group Inc. to act as the Receiver,

**SERVICE**

1. **THIS COURT ORDERS** that the time for service of the Notice of Application, the Application Record herein and the Pre-Appointment Report is hereby abridged, if necessary, and that this application is properly returnable today and that service, including the form, manner and time that such service was actually effected on all parties, is hereby validated, and where such service was not effected such service is hereby dispensed with.

**APPOINTMENT**

2. **THIS COURT ORDERS** that pursuant to section 243(1) of the BIA and section 101 of the CJA Richter is hereby appointed Receiver, without security, to exercise the powers and duties specifically set out in this Order with respect to the assets, undertakings and properties of the Debtors held for, and used in relation to, a business carried on by the Debtors (the "**Property**") and all proceeds thereof.

3. **THIS COURT ORDERS** that subject to further Order of this Court, the Debtors shall remain in possession and control of the Property and the Receiver shall not be or be deemed to be in possession and control of the Property.

4. **THIS COURT ORDERS** that subject to further Order of this Court, the Debtors shall carry on their business in the normal course and shall pay the expenses arising from their

business as they fall due and except to the extent that the Receiver exercises the powers granted pursuant to paragraph 5 hereof the Receiver shall not interfere with the carrying on of the business of the Debtors.

**RECEIVER'S POWERS**

5. **THIS COURT ORDERS** that the Receiver is hereby empowered and authorized, but not obligated to do any of the following where the Receiver considers it necessary or desirable:

(a) to take possession of and exercise control over any and all proceeds or receipts arising out of or from the Property;

(b) to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(c) to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(d) to sell, convey, transfer or assign the Property or any part or parts thereof out of the ordinary course of business with the approval of this Court and in such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, or section 31 of the Ontario *Mortgages Act*, as the case may be, shall not be required, and in each case the Ontario *Bulk Sales Act* shall not apply;

(e) to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(f) to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE
LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU
DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE JOUR DE
Bruna Gagliardi Registrar
REGISTRAR GREFFIER

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 23 DAY OF October 2017

Bruna Gagliardi
Registrar

receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(g) to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(h) to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations.

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

**NO PROCEEDINGS AGAINST THE RECEIVER**

6. **THIS COURT ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

**NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY**

7. **THIS COURT ORDERS** that no Proceeding against or in respect of the Debtors or any one of them or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or any one of them or the Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

8. **THIS COURT ORDERS** that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided, however, that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Debtors from compliance with

statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH CONTRACTS

9. **THIS COURT ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors or any one of them, without written consent of the Receiver or leave of this Court.

## CONTINUATION OF SERVICES

10. **THIS COURT ORDERS** that all Persons having oral or written agreements with the Debtors or any one of them, or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors or any one of them, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Debtors or any one of them, and that the Debtors shall be entitled to the continued use of their current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Debtors in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Debtors, or as may be ordered by this Court.

## EMPLOYEES

11. **THIS COURT ORDERS** that all employees of the Debtors shall remain the employees of the Debtors until such time as the Debtors may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA.

THIS IS TO CERTIFY THAT THIS DOCUMENT EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 2015
FAIT A TORONTO LE JOUR DE

Bruna Gagliardi
Registrar

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 2015
FAIT À TORONTO LE JOUR DE

Bruna Gagliardi
Registrar

## LIMITATION ON ENVIRONMENTAL LIABILITIES

12. THIS COURT ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the Ontario *Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

## LIMITATION ON THE RECEIVER'S LIABILITY

13. THIS COURT ORDERS that the Receiver shall incur no liability or obligation as a result of its appointment, the carrying out of the provisions of this Order, or arising from the business carried on by the Debtors, including liabilities or obligations in respect of taxes, withholdings, interest, penalties or other like claims, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

## RECEIVER'S ACCOUNTS

14. THIS COURT ORDERS that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges unless otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "**Receiver's Charge**") on the Property, as security for such fees and disbursements, both before and after the making of

this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subject to sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

15. THIS COURT ORDERS that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

**SERVICE AND NOTICE**

16. THIS COURT ORDERS that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL http://www.richter.ca/en/folder/insolvency-cases/t/thane-direct-company-et-al.

17. THIS COURT ORDERS that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Debtor's creditors or other interested parties at their respective addresses as last shown on the records of the Debtors and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 2015
FAIT À TORONTO LE JOUR DE

Bruna Gagliardi
Registrar

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE
LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU
DATED AT TORONTO THIS 23 DAY OF October 20 15
FAIT À TORONTO LE JOUR DE
REGISTRAR GREFFIER
Bruna Gagliardi
Registrar

**BANKRUPTCY OF THE DEBTORS**

18. THIS COURT ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

19. THIS COURT ORDERS that the Receiver is hereby authorized and empowered but not obligated to make assignments in bankruptcy and act as trustee in bankruptcy (in such capacity the "**Trustee**") in respect of those Debtors that reside, carry on business or have property in Canada. In respect of any of the Debtors that do not reside, carry on business or have property in Canada, the Receiver is authorized and empowered but not obligated to take like steps under the laws of the United States, to the extent permitted by applicable law.

**GENERAL**

20. THIS COURT ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

21. THIS COURT ORDERS that the Receiver is hereby appointed as the authorized foreign representative of the Debtors for the purposes of taking proceedings pursuant to Chapter 15 of the United States Bankruptcy Code in respect of the Debtors and is authorized to take such proceedings.

22. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

23. THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within

proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

24. THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 23 2015

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 23 DAY OF October 2015
FAIT À TORONTO LE JOUR DE

Bruna Gagliardi
Registrar
GREFFIER

Court File No.: CV-15-11146-00CL

**BANK OF MONTREAL** - and - **THANE INTERNATIONAL, INC., THANE DIRECT, INC., THANE DIRECT COMPANY, THANE DIRECT MARKETING INC., WEST COAST DIRECT MARKETING, INC., THANE DIRECT CANADA INC. AND TDG, INC.**

Applicant

Respondents

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

(PROCEEDING COMMENCED AT TORONTO)

**APPOINTMENT ORDER**

**Gowling Lafleur Henderson LLP**
Barristers and Solicitors
1 First Canadian Place
100 King Street West, Suite 1600
Toronto, Ontario M5X 1G5

**Clifton P. Prophet (LSUC No.: 34845K)**
Telephone: (416) 862-3509
Facsimile: (416) 862-7661

Solicitors for Bank of Montreal